**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GUADA TECHNOLOGIES, LLC, | C.A. No. 20-00869-RGA |
| Plaintiff, | |
| v. | |
| | **JURY TRIAL DEMANDED** |
| DOLE FOOD COMPANY, INC., | **PATENT CASE** |
| Defendant. | |
| v. ARGOS USA LLC, | C.A. No. 20-00993-RGA |
| v. THE GILLETTE COMPANY LLC, | C.A. No. 20-00999-RGA |
| v. REVLON CONSUMER PRODUCTS CORPORATION, | C.A. No. 20-01000-RGA |
| v. MILACRON LLC, | C.A. No. 20-01143-RGA |
| v. ROLLED ALLOYS, INC., | C.A. No. 20-01432-RGA |
| v. PLY GEM INDUSTRIES, INC. | C.A. No. 20-01718-RGA |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF**
**MOTION TO STAY PENDING *INTER PARTES* REVIEW**

FISH & RICHARDSON P.C.
Jeremy D. Anderson (#4515)
222 Delaware Ave., 17th Floor
P.O. Box 1114
Wilmington, DE 19801
(302) 652-5158 (Telephone)
(302) 652-0607 (Facsimile)
janderson@fr.com

*Attorneys for Defendants*

Dated:  April 26, 2021

## TABLE OF CONTENTS

I.      INTRODUCTION ..................................................................................................1

II.     NATURE AND STATE OF PROCEEDING ......................................................3

III.    STATEMENT OF FACTS ..................................................................................3

IV.     ARGUMENT ......................................................................................................4

        A.  Legal Standard ........................................................................................4

        B.  A Stay Pending IPR Would Simplify Triable Issues in this Case ..............5

        C.  The State of the Case Favors a Stay ..........................................................7

        D.  Guada Would Suffer No Undue Prejudice or Clear Tactical Disadvantage
            from a Stay ................................................................................................9

            1.  Relationship of the Parties ................................................................9

            2.  Timing of IPR Request ....................................................................10

            3.  Timing of Request for Stay .............................................................10

V.      CONCLUSION ................................................................................................10

# TABLE OF AUTHORITIES

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Microscopy Inc. v. Carl Zeiss Microscopy, LLC*,
2016 WL 558615 (D. Del. Feb. 11, 2016)..............................................................................11

*Apple Inc. v. Fintiv, Inc.*,
IPR2020-00019, Paper No. 11 (P.T.A.B. March 20, 2020) ....................................................2

*Bloomreach Inc. v. Guada Techs. LLC*,
IPR 2019-01304, Paper No. 11 (P.T.A.B. Jan. 23, 2020) .................................................1, 5

*Boston Sci. Corp. v. Cordis Corp.*,
777 F. Supp.2d 783 (D. Del. 2011) ........................................................................................9

*British Telecomms. PLC v. IAC/InterActiveCorp*,
2019 WL 4740156 (D. Del. Sept. 27, 2019)...........................................................................5

*Call Wave Communs., LLC v. AT&T Mobility, LLC*,
2015 WL 1284203 (D. Del. 2015) ........................................................................................10

*Canatelo LLC v. Axis Commc'ns AB*,
2014 WL 12774920 (D. Del. May 14, 2014).......................................................................5, 9

*CG Tech. Dev., LLC*,
2019 WL 4098002 (D. Del. Aug. 29, 2019) ...........................................................................7

*Guada Techs. LLC v. Vice Media, LLC*,
341 F. Supp. 3d 390 (D. Del. 2018) .......................................................................................8

*Huvepharma Food v. Assoc. British Foods*, LLC,
2019 WL 3802472 (D. Del. Aug. 13, 2019) .........................................................................10

*IOEngine, LLC v. PayPal Holdings, Inc.*,
2019 WL 3943058 (D. Del. Aug. 21, 2019) .......................................................................7, 8

*MCM Portfolio v. Hewlett-Packard*,
812 F.3d 1284 (Fed. Cir. 2015).............................................................................................8

*McRo, Inc. v. Bethesda Softworks LLC*,
2014 WL 1711028 (D. Del. May 1, 2014) ...........................................................................11

*Miics & Partners Am. Inc. v. Toshiba Corp.*,
  2015 WL 9854845 (D. Del. Aug. 11, 2015) ................................................................*passim*

*Murata Mach. USA v. Daifuku*,
  830 F.3d 1357 (Fed. Cir. 2016) ................................................................................8

*Neste Oil OYJ v. Dynamic Fuels, LLC*,
  2013 WL 3353984 (D. Del. July 2, 2013) ................................................................4, 6, 7

*NuVasive, Inc. v. Neurovision Med. Prods., Inc.*,
  2015 WL 3918866 (D. Del. June 23, 2015) ................................................................11

*Princeton Dig. Image Corp. v. Konami Dig. Entm't Inc.*,
  2014 WL 3819458 (D. Del. Jan. 15, 2014) ................................................................4, 9, 10

*SAS Inst. v. Iancu*,
  138 S. Ct. 1348 (2018) ................................................................................7

*SunPower Corp. v. PowerClaw, Inc.*,
  2014 WL 12774919 (D. Del. May 16, 2014) ................................................................4, 6

*Uniloc 2017 LLC v. Vudu, Inc.*,
  C.A. No. 19-183-CFC (D. Del. Mar. 26, 2020) (Order) ................................................9

*VirtualAgility v. Salesforce.com*,
  759 F.3d 1307 (Fed. Cir. 2014) ................................................................5

**Statutes**

35 U.S.C. § 101 ................................................................................8

America Invents Act ................................................................................8

**Other Authorities**

U.S. Patent No. 6,366,910 ................................................................5, 6

U.S. Patent No. 6,731,724 ................................................................5, 6

U.S. Patent No. 7,231,379 ................................................................*passim*

U.S. Patent No. 7,539,656 ................................................................5

## I.      INTRODUCTION

Defendants Dole Food Company Inc., Argos USA LLC, The Gillette Company LLC, Revlon Consumer Products Corp., Milacron LLC, and Ply Gem Industries, Inc. (collectively, "Petitioners")[1] have filed a petition for *inter partes* review ("IPR petition") with the Patent Trial and Appeal Board against all claims of U.S. Patent No. 7,231,379, the patent asserted by Plaintiff Guada Technologies, LLC in the current litigation. Defendants respectfully request the Court stay this litigation pending institution and final resolution of the IPR petition by the PTAB because (1) the PTAB will likely institute IPR on the '379 Patent, and the results of the IPR proceedings will simplify issues in this case; (2) the cases are young and fact discovery has not begun; and (3) Guada, a non-practicing patent assertion entity, would suffer no undue prejudice or tactical disadvantage from a modest delay in the litigation.

Granting a stay is likely to substantially simplify the issues in this case. The IPR petition filed by Petitioners presents substantially similar prior art grounds as those in a previously instituted IPR petition.[2] In the earlier proceedings, the PTAB instituted IPR on all claims of the '379 patent. The institution of Petitioners' IPR petition, which likewise asserts invalidity grounds on all claims, could fully dispose of this litigation. Even if the IPR petition does not fully dispose of this litigation, it could remove some claims from the case and otherwise substantially reduce the issues for trial. If anything remains, the result of the IPR proceedings would narrow the issues the Court would need to address.

---

[1] Defendant Rolled Alloys, Inc. has not filed a petition for *inter partes* review at this time but joins the motion to stay. "Defendants" in this brief refers to Petitioners and Rolled Alloys, collectively.

[2] *See Bloomreach Inc. v. Guada Techs. LLC*, IPR 2019-01304, Paper No.11 (hereinafter "*Bloomreach IPR*") (Ex. 3). The *Bloomreach IPR* was instituted by the PTAB on January 23, 2020, but the petitioners and the Guada reached a settlement agreement, and PTAB dismissed the case before a final decision was made.

This case is still in its infancy. The scheduling order was recently entered on April 8, 2021. Discovery has only just begun.  At the time of filing this motion, the parties have not exchanged any discovery requests, nor have the parties produced any documents.  Indeed, the deadline for production of core technical documents is not until July 16, 2021—almost three months from now—and the deadline for fact discovery is sixteen months away on July 29, 2022. Staying the case at this early stage could prevent unnecessarily engaging in costly discovery.

Guada would suffer no undue prejudice or tactical disadvantage from a stay. Guada is a non-practicing patent assertion entity that does not make or sell any products or otherwise compete with Defendants. Although Guada has asserted the '379 Patent since Oct 14, 2016, it waited more than three years to file suit against Defendants' publicly-facing websites.  Thus, Guada faces no prospect of unfair harm from a modest delay in the litigation.

Defendants' primary reason for moving for a stay now is to preserve the resources of the Court and all parties when the IPR proceedings may entirely resolve or substantially reduce the scope of this case. In addition, recent decisions from the PTAB consider whether petitioners have sought a stay at the district court and whether the court has entered or may enter a stay as a factor when deciding whether to institute IPRs:

> A district court stay of the litigation pending resolution of the PTAB trial allays concerns about inefficiency and duplication of efforts. This fact has strongly weighed against exercising the authority to deny institution under *NHK*. In some cases, there is no stay, but the district court has denied a motion for stay without prejudice and indicated to the parties that it will consider a renewed motion or reconsider a motion to stay if a PTAB trial is instituted. Such guidance from the district court, if made of record, suggests the district court may be willing to avoid duplicative efforts and await the PTAB's final resolution of the patentability issues raised in the petition before proceeding with the parallel litigation.

*See, e.g.*, *Apple Inc. v. Fintiv, Inc.*, IPR2020-00019, Paper No. 11 at 6–7 (P.T.A.B. March 20, 2020) (designated precedential on May 5, 2020) (footnotes omitted) (Ex. 1).

The IPR petition was filed on April 7, 2021, and Defendants expect any institution decision to issue in approximately six months. Defendants thus filed this motion at the earliest opportunity once the petition was filed. Defendants therefore respectfully request that the Court stay this case until final resolution, including appeals, of the IPR petition by the PTAB.

## II.     NATURE AND STAGE OF PROCEEDING

Guada accuses Defendants, including Petitioners, of infringing the '379 Patent. On April 7, 2021, Petitioners filed a petition for *inter partes* review challenging the validity of all claims of the '379 Patent. Given that the petition substantially mirrors the previously instituted petition in the *Bloomreach IPR*, the PTAB is likely to institute Defendants' petition.

The current cases are still in their infancy. The Court only recently entered a scheduling order for this case on April 8, 2021, which sets the Production of Core Technical Documents deadline on July 16, 2021, and Fact Discovery Cutoff on July 29, 2022.

Defendants have met and conferred with Guada prior to filing this motion. Guada opposes to stay the cases pending the IPR, therefore this motion is filed as opposed.

## III.    STATEMENT OF FACTS

Guada delayed significantly before bringing these cases, waiting years before filing suit against Defendants. The '379 Patent issued in 2007; Guada acquired its purported interest in the patent in late 2016 and did not file this series of cases until late 2020. *See* '379 Patent Assignment History, Ex. 2 at 1. Guada did not file the current cases against Defendants because it acquired any new patents, or because Defendants used any new products, or because of any other recent event. Indeed, by the time Guada filed this action, information about the accused products, which are public websites, had been publicly available to Guada for many years.

This is not a competitor case. Indeed, Guada has offered no evidence that it practices the '379 Patent. To the contrary, Guada is a non-practicing patent assertion entity that has filed a total

3

of 61 cases in this Court and the Eastern District of Texas. The cases against Defendants thus represent straightforward non-practicing entity litigation.

Shortly after Guada started filing these lawsuits, Petitioners began working on the IPR petition to challenge the '379 Patent. Guada served its most recent complaint against Defendants on December 18, 2020, and Petitioners filed their petition, along with other non-defendant entities, on April 7, 2021.[3] The PTAB has yet to accord a filing date to Petitioners' petition, but an institution decision is expected by the fall of this year, and, if instituted, the final written decision should issue by approximately the fall of 2022.

The Court entered the scheduling order on April 8, 2021. (D.I. 16.) The deadline for production of core technical documents is not until July 16, 2021, and fact discovery is not scheduled to close until July 29, 2022.

## IV.   ARGUMENT

### A.   Legal Standard

A stay of litigation pending *inter partes* review is well within the Court's discretion as part of its authority to manage its docket. *See, e.g., Miics & Partners Am. Inc. v. Toshiba Corp.,* No. CV 14-803-RGA, 2015 WL 9854845, at *2 (D. Del. Aug. 11, 2015) (Andrews, J.) (granting pre-institution stay under circumstances similar to the current case). Other courts in this District, including this Court, have granted motions to stay pending a yet-to-be instituted IPR petition. *See, e.g., id.; Neste Oil OYJ v. Dynamic Fuels, LLC,* No. CV 12-1744-GMS, 2013 WL 3353984, at *5 (D. Del. July 2, 2013) (Sleet, J.); *Princeton Dig. Image Corp. v. Konami Dig. Entm't Inc.,* No. CV 12-1461- LPS-CJB, 2014 WL 3819458, at *6 (D. Del. Jan. 15, 2014) (Burke, M.J.); *SunPower Corp. v. PowerClaw, Inc.,* No. CV 12-1633-GMS, 2014 WL 12774919, at *3 (D. Del. May 16,

---

[3] Guada filed its complaint against Ply Gem on December 18, 2020.

2014) (Sleet, J.); *Canatelo LLC v. Axis Commc'ns AB*, No. CV 13-1227-GMS, 2014 WL 12774920, at \*1–2 (D. Del. May 14, 2014) (Sleet, J.).

Courts consider three factors when deciding whether to stay a case pending IPR: "(1) whether granting a stay will simplify the issues for trial; (2) whether discovery is complete and a trial date is set; and (3) whether granting a stay would cause the non-moving party to suffer undue prejudice from any delay, or a clear tactical disadvantage." *Miics*, 2015 WL 9854845, at \*1. Some courts will also consider a "fourth factor," which includes an inquiry into whether the granting of a stay will reduce the burden of litigation on the parties and the court. *British Telecomms. PLC v. IAC/InterActiveCorp*, No. CV 18-366-WCB, 2019 WL 4740156, at \*2 (D. Del. Sept. 27, 2019) (Bryson, J.). This "burden of litigation" factor is generally considered as part of the "simplifying the issues" factor. *Id.* at \*3. Each of these factors weighs in favor of a stay in this case.

**B.     A Stay Pending IPR Would Simplify Triable Issues in this Case**

A stay pending IPR would simplify the triable issues before the Court, avoid parallel proceedings, and conserve judicial resources. Petitioners' IPR petition challenges all the claims in the '379 Patent. This IPR petition may result in cancellation of some or all the challenged claims, thereby simplifying infringement and invalidity issues for the parties and the Court.

The "ultimate simplification of issues" is complete disposition of the case. *VirtualAgility v. Salesforce.com*, 759 F.3d 1307, 1314 (Fed. Cir. 2014) (citation omitted). Here, there is a real likelihood of complete disposition through IPR, particularly given that Petitioners' petition asserts grounds substantially similar to those in the earlier-instituted *Bloomreach* petition. *See generally Bloomreach Inc. v. Guada Techs. LLC*, IPR 2019-01304, Paper No. 11, (Ex. 3). For example, in the IPR petition, Petitioners challenge claims of the '379 patent on multiple grounds including U.S. Patent No. 6,731,724 to Wesemann et al. ("Wesemann"), (Ex. 4), U.S. Patent No. 6,366,910 to Rajaraman, et al. ("Rajaraman"), (Ex. 5), and U.S. Patent No. 7,539,656 to Fratkina et al.

("Fratkina"), (Ex. 6). Wesemann teaches a system which enables users to "jump from one menu state to another menu state between the first and the second menu states." Wesemann at Abstract. Similarly, Rajaraman teaches a system whereby users may navigate different nodes/classifications that are arranged hierarchically. *See* Rajaraman, Abstract, 1:5-7, 2:9-22. Lastly, Fratkina teaches improving the efficiency of navigating through menu-type hierarchy systems by enabling users to "jump" to different "subgoals," and an embodiment which implements an interactive voice response and/or speech recognition system. *See* Fratkina, Abstract, 2:56-62, 13:15-29, 13:49-57. These systems taught by the prior art correspond to those described and claimed in the '379 Patent. Given their recognition of similar problems and proposed solutions, Wesemann, Rajaraman, and Fratkina are strong evidence of the obviousness of the '379 Patent's claims.

Beyond the strength of Petitioners' IPR petition, the general institution rate is high: the PTAB's institution rate for petitions related to "Electrical/Computer" technology patents is generally around 60–66%. (*See* Ex. 7, Trial Statistics IPR, PGR, CBM, September 2020, United States Patent and Trademark Office, at 4, 7.) Across all instituted IPRs that received a final written decision since 2012, at least one claim has been found unpatentable in 80% of trials, and in 62% of trials all claims were found unpatentable. (*Id.* at 11.) And here, the PTAB has already previously instituted IPR based on a similar petition asserting substantially the same grounds.

Petitioners' IPR will likely result in disposal of some or all asserted claims. Even pending a yet-to-be instituted IPR petition, "simplification [of the district court litigation] is very likely." *Miics*, 2015 WL 9854845, at *4. Regardless of the outcome of the IPR petition, the Court will still benefit from the PTAB's expertise in this matter. *SunPower Corp.*, 2014 WL12774919, at *2; *Neste Oil OYJ*, 2013 WL 3353984, at *4. If all asserted claims are found unpatentable, then this case would be dismissed. *Neste Oil OYJ*, 2013 WL 3353984, at * 4. But the parties' and Court's

efforts will be streamlined even if a subset of the asserted claims survive. The intrinsic record developed during the IPRs will inform issues pertinent to this litigation, "reducing the complexity and length of the litigation." *Id.*; *IOEngine, LLC v. PayPal Holdings, Inc.*, 2019 WL 3943058, at *10 (D. Del. Aug. 21, 2019). Guada's statements—including pre-institution statements—become part of the patent-in-suit's prosecution history and may affect claim construction, infringement, and invalidity issues. *IOEngine, LLC*, 2019 WL 3943058, at *10 ("[T]he IPR proceeding may produce additional prosecution history that could assist the Court in addressing the issues of claim construction and validity."). Additionally, development of the record during IPR may encourage settlement between the parties without further involvement of the Court. *Neste Oil OYJ*, 2013 WL 335984, at *4; *see also id.* (itemizing other reasons IPR proceedings can simplify parallel district court litigation).

The Supreme Court's decision in *SAS* further favors the grant of pre-institution stays. In *SAS*, the Supreme Court held that once the PTAB institutes IPR, it is statutorily required to "address every claim" in the petition. *SAS Inst. v. Iancu*, 138 S. Ct. 1348, 1354 (2018). Previously, the PTAB could decline to review particular grounds and/or challenged claims in an IPR petition. Now, the PTAB must institute review on all challenged claims. Post-*SAS*, courts in this District have continued to grant pre-institution stays. *See, e.g.*, *CG Tech. Dev., LLC*, 2019 WL 4098002, at *1 (Del. D. Aug. 29, 2019).

Because all asserted claims of the asserted patent is subject to pending IPR petition, this factor weighs in favor of a stay.

## C.     The Stage of the Case Favors a Stay

Fact discovery has barely begun. The most imminent deadline (the production of core technical documents) does not even occur for another 3 months on July 16, 2021 (*See* Scheduling

7

Order, at 2 (D.I. 16[4]).) As of this filing, the parties have not exchanged initial disclosures, which are due on April 23, 2021. *Id.* The fact discovery cutoff date is July 29, 2022—more than a year from now. *Id.* Just like in *Miics,* "the major expenses of the parties are yet to come" in the current case. *Miics*, 2015 WL 9854845, at *1.

If the Court stays this action now, Defendants would be spared from document and deposition discovery while the PTAB decides whether the claims are unpatentable. Avoidable discovery includes issues related to the patent eligibility of the '379 Patent under 35 U.S.C. § 101. As this Court is well aware, the '379 Patent faces significant challenges under § 101. *See Guada Techs. LLC v. Vice Media, LLC*, 341 F. Supp. 3d 390, 395 (D. Del. 2018). Defendants intend to seek an expeditious resolution to Guada's claims through a request for early summary judgment on § 101 grounds and have promptly served discovery concerning the limited remaining fact issues identified by the Court. D.I. 16 at 10; *see also Vice Media.* at 392–93. A stay would obviate the need for the parties to engage in this discovery and serve the purpose of the America Invents Act to streamline issues of patentability before one arbiter. *See Vice Media* at 392–94.

The parties and the Court would also be saved from other upcoming substantive work in this case, including briefing and/or deciding issues pertaining to claim construction, validity and invalidity, discovery disputes, additional summary judgment motions, and more. *See, e.g.*, *Murata Mach. USA v. Daifuku*, 830 F.3d 1357, 1362 (Fed. Cir. 2016) (stating the legislative history confirmed that Congress desired to enhance the role of the PTAB and "limit the burden of litigation on courts and parties"); *MCM Portfolio v. Hewlett-Packard*, 812 F.3d 1284, 1291–92 (Fed. Cir. 2015) (noting IPRs were designed as an "effective and efficient alternative to often costly and protracted district court litigation"); *IOEngine LLC*, 2019 WL 3943058, at *3–4 (echoing *Murata*).

---

[4] All docket numbers in this brief all references to the *Dole* docket (C.A. No. 20-00869-RGA).

Costly email discovery, including briefing potential discovery disputes, is also a considerable burden and expense that could be saved now, especially if the asserted claims are found invalid.

### D.      Guada Would Suffer No Undue Prejudice or Clear Tactical Disadvantage from a Stay

Guada cannot identify any actual undue prejudice or clear tactical disadvantage from a stay pending *inter partes* review. Courts weigh a variety of subfactors to determine whether undue prejudice or clear tactical disadvantage exists, "including the timing of the request for reexamination, the timing of the request for stay, the status of the reexamination proceedings, and the relationship of the parties." *Boston Sci. Corp. v. Cordis Corp.*, 777 F. Supp.2d 783, 789 (D. Del. 2011). The mere potential for delay, standing alone, does not establish undue prejudice or clear tactical disadvantage. *Miics*, 2015 WL 9854845, at *1 ("In terms of the litigation, there is little disadvantages to the Plaintiffs since the litigation are in their earliest stages"); *Canatelo*, 2014 WL 12774920, at *1, n.2. On balance, these subfactors weigh in favor of a stay pending the PTAB's decision to institute IPR.

#### 1.      Relationship of the Parties

Defendants are not competitors with Guada. Instead, Guada is a non-practicing patent assertion entity. *See Miics*, 2015 WL 9854845, at *1; *Princeton Dig.*, 2014 WL 3819458, at *6 ("Plaintiff is a non practicing entity . . . and will not suffer any loss of market share or erosion of goodwill due to a stay."); Ex. 8, Order, *Uniloc 2017 LLC v. Vudu, Inc.*, C.A. No. 19-183-CFC (D. Del. Mar. 26, 2020) (D.I. 72) ("Plaintiff is a non-practicing entity that does not compete with Vudu and thus any alleged harm it may suffer is purely monetary.") In the current case, Guada realistically only seeks monetary damages. Guada's damages would thus be largely unaffected by any delay due to IPR proceedings. *See Miics,* 2015 WL 9858845, at *1 ("Plaintiffs are not competitors of defendants . . . [they] are realistically looking only for monetary damages . . . ");

9

*Princeton Dig.*, 2014 WL 3819458, at *6 ("Plaintiff's damages, if any, are purely monetary and can be accommodated by the award of interest if it ultimately prevails."); *Huvepharma Food v. Assoc. British Foods*, LLC, 2019 WL 3802472, at *1 (D. Del. Aug. 13, 2019) ("[P]rejudgment interest generally appears to compensate for any delay in obtaining damages.").

### 2.    Timing of IPR Request

Defendants gained no unfair tactical advantage when timely filing their IPR petition. Defendants filed soon after the most recent case was filed on December 18, 2020 and before the parties were to have their scheduling conference with the Court. The timing of Defendants' IPR petition thus provided no unfair tactical disadvantage or prejudice to Guada.

### 3.    Timing of Request for Stay

Guada would suffer no undue prejudice, or clear tactical disadvantage, from the timing of Defendants' request for a stay. Defendants corresponded with Guada shortly after filing the IPR petition seeking a stipulation to stay the case in the interests of judicial economy and to reduce the burden and costs to the parties and the Court. (Ex. 9, N. Lan Email to Guada Requesting Stay.) Guada rejected Defendants' request four business days later. (Ex. 10, Guada Rejection E-Mail.) Defendants prepared the instant motion shortly after receiving Guada's rejection, and within weeks after filing their IPR petition. Accordingly, this subfactor weighs in favor of a stay.

## V.    CONCLUSION

In sum, this series of cases are in their infancy where discovery has barely begun. Guada will suffer no prejudice to its demand for monetary damages, and the IPR is very likely to simplify and streamline this case. Defendants, therefore, respectfully requests the Court to stay this case pending *inter partes* review of the '379 Patent by the PTAB. Should the Court deem Defendants' request for stay premature, Defendants respectfully request denial without prejudice to permit Defendants the ability to renew its stay motion after institution of IPR proceedings. *See, e.g.*, *Call*

*Wave Communs., LLC v. AT&T Mobility, LLC*, Civil Action No. 12-1701-RGA, 2015 WL 1284203, at *3 (D. Del. 2015) (Andrews, J.); *Advanced Microscopy Inc. v. Carl Zeiss Microscopy, LLC*, No. CV 15-516-LPS-CJB, 2016 WL 558615, at *3 (D. Del. Feb. 11, 2016) (denying without prejudice motion for pre-institution stay) (Burke, J.); *NuVasive, Inc. v. Neurovision Med. Prods., Inc.*, No. CV 15-286-LPS-CJB, 2015 WL 3918866, at *3 (D. Del. June 23, 2015) (same) (Burke, J.); *McRo, Inc. v. Bethesda Softworks LLC*, No. CV 12-1509-LPS-CJB, 2014 WL 1711028, at *4 (D. Del. May 1, 2014) (same) (Burke, J.).

Dated: April 26, 2021

Respectfully submitted,

FISH & RICHARDSON P.C.

By:/s/ Jeremy D. Anderson
Jeremy D. Anderson (#4515)
222 Delaware Ave., 17th Floor
P.O. Box 1114
Wilmington, DE 19801
(302) 652-5158 (Telephone)
(302) 652-0607 (Facsimile)
janderson@fr.com

Neil J. McNabnay
David B. Conrad
Andria Rae Crisler
1717 Main Street, Suite 5000
Dallas, TX 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)
mcnabnay@fr.com
conrad@fr.com
crisler@fr.com

**COUNSEL FOR DEFENDANTS ARGOS USA LLC, DOLE FOOD COMPANY, INC., THE GILLETTE COMPANY, LLC, MILACRON LLC, PLY GEM INDUSTRIES, INC., AND REVLON CONSUMER PRODUCTS CORPORATION**